Filed 8/26/21  P. v. Prudholme CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076007 |
| v. | (Super.Ct.No. FWV18004340) |
| RICKY PRUDHOLME, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Reversed and remanded for resentencing.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent

1

## PROCEDURAL HISTORY

On December 10, 2018, an information charged defendant and appellant Ricky Prudholme with one count of second degree robbery under Penal Code section 211.[1,2] On April 5, 2019, defense counsel declared a doubt as to defendant's mental competence under section 1368. On May 24, 2019, the trial court found defendant to be incompetent and suspended the criminal proceedings.

On September 2, 2019, the trial court found defendant to be competent and reinstated the criminal proceedings. That same day, defendant pled no contest to an added count of felony second degree burglary under section 459, subdivision (b). The parties stipulated that the preliminary hearing transcript would serve as the factual basis for the plea.

On October 14, 2019, the trial court dismissed the robbery count and placed defendant on formal probation pursuant to the terms of the plea agreement.

On November 16, 2019, defendant filed an amended notice of appeal.

## STATEMENT OF FACTS[3]

On November 22, 2018, employees of a trucking company observed defendant in a Chevrolet truck and two codefendants in a Ford truck loading boxes of merchandise

---

[1] Two codefendants were charge in the information; they are not parties to this appeal.

[2] All further statutory references are to the Penal Code unless otherwise specified.

[3] The statement of facts is taken from the probation report.

from the company's loading dock into the beds of their trucks. After obtaining over $4,000 worth of merchandise, defendant and the codefendants got in their respective trucks and started driving toward the exit of the business.

At this point, two employees got into their vehicles and blocked the exit, preventing defendant and the codefendants from leaving. Defendant tried backing up and hit a metal object that was protruding from one of the employee's vehicles. Defendant then exited his truck. He began yelling and threatened to sue the employees for damaging his truck.

Shortly thereafter, police officers arrived. The officers detained defendant and the codefendants.

## DISCUSSION

Defendant contends that his probation term should be reduced because section 1203.1, subdivision (a), under which he was sentenced to three years of formal probation, has been amended by Assembly Bill Number 1950 (Assem. Bill No. 1950), effective January 1, 2021. He contends that because his case is not yet final, under the principles of retroactivity applicable to ameliorative changes to the criminal law as set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), he is entitled under Assem. Bill No. 1950 to have his probation term reduced from three years to two years. The People concede that "in light of recent appellate decisions agreeing with appellant, this case should be remanded to the trial court for modification of his probation." We agree.

3

In this case, when defendant was sentenced, section 1203.1 provided that a trial court may grant felony probation "for a period of time not exceeding the maximum possible term of the sentence." If the "maximum possible term of the sentence is five years or less, then the period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years." (Former § 1203.1, subd. (a).) The trial court here granted probation for three years.

Effective January 1, 2021, Assem. Bill No. 1950 amended section 1203.1, subdivision (a), to limit the probation term for felony offenses to two years, except in cases of certain violent felonies. (Stats. 2020, ch. 328, § 2; § 1293.1, subds. (a), (m).)[4] "Assembly Bill No. 19050 is silent on retroactivity; it does not create a mechanism by which probationers may petition for early termination." (*People v. Quinn* (2021) 59 Cal.App.5th 874, 884 (*Quinn*).) In *Estrada*, *supra*, 63 Cal.2d 740, the court held, "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Id.* at p. 745.)

---

[4] Section 1203.1, subdivision (m), identifies the exceptions to the two-year probation limit. These exceptions are not applicable in this case.

4

Recently, in *People v. Sims* (2021) 59 Cal.App.5th 943 (*Sims*), another appellate court found that despite probation not technically being punishment, the retroactive rule of *Estrada* applied to Assem. Bill No. 1950. It found, "The People are correct that '[a] grant of probation is "qualitatively different from such traditional forms of punishment as fines or imprisonment." ' [Citation.] Probation is primarily rehabilitative and a grant of probation is considered an act of grace or clemency in lieu of traditional forms of punishment." (*Id.* at p. 958.) It further found, "However, we do not believe the label affixed to probation—i.e., whether it is labeled punishment, rehabilitation, or some combination—is necessarily determinative of whether the *Estrada* presumption of retroactivity applies. When a court places a defendant on probation, it may, of course, fine the defendant or order the defendant confined in jail, or both. [Citation.] But it has discretion to impose a variety of other probation conditions as well. It may, for example, require that the probationer submit to searches of electronic devices and social media accounts [citation], submit to periodic drug testing [citation], refrain from associating with persons or groups of persons [citation], and obtain permission from a probation officer before changing addresses or leaving the state or county. (*Id.* at p. 959.)

The *Sims* court recognized that by "limiting the maximum duration a probationer can be subject to such restraint, Assembly Bill No. 1950 has a direct and significant ameliorative benefit for at least some probationers who otherwise would be subject to additional months or years of potentially onerous and intrusive probation conditions." (*Sims*, *supra*, 59 Cal.App.5th at p. 959.) As such, "by limiting the duration of felony probation terms, Assembly Bill No. 1950 ensures that at least some probationers who

5

otherwise would have been imprisoned for probation violations will remain violation-free and avoid incarceration." (*Id.* at p. 950.)

The *Sims* court also found that, "Assembly Bill No. 1950 does not contain a savings clause evincing a clear intent to overcome the *Estrada* presumption of retroactivity. 'Nor do we perceive in the legislative history a clear indication that the Legislature did not intend for the statute to apply retroactively.' [Citation.] On the contrary, the legislative history for Assembly Bill No. 1950 suggests the Legislature harbored strong concerns that probationers—including probationers whose cases are pending on appeal—face unwarranted risks of incarceration due to the lengths of their probation terms." (*Sims*, *supra*, 59 Cal.App.5th at p. 961.)

The *Sims* court concluded, "For all these reasons, we conclude the two-year limitation on felony probation set forth in Assembly Bill No. 1950 is an ameliorative change to the criminal law that is subject to the *Estrada* presumption of retroactivity. The Legislature did not include a savings clause or other clear indication that the two-year limitation applies on a prospective-only basis. Therefore, we conclude the two-year limitation applies retroactively to all cases not reduced to final judgment as of the new law's effective date. Here, the defendant's case was pending on direct appeal and thus was not final as of Assembly Bill No. 1950's effective date. Accordingly, the defendant is entitled to seek a reduced probation term on remand under Assembly Bill No. 1950." (*Sims*, *supra*, 59 Cal.App.5th at p. 964.)

6

The court in *Quinn* came to the same conclusion finding that since "the Legislature has determined that the rehabilitative function of probation does not extend beyond two years, any additional period of probation can only be regarded as punitive, and therefore within the scope of *Estrada*." (*Quinn*, *supra*, 59 Cal.App.5th at p. 833.)

Following the reasoning in *Sims* and *Quinn,* we conclude that defendant is entitled to the benefit of the change to section 1203.1, subdivision (a). However, there remains the question of remedy. Defendant contends that this court should simply order his probation term to be modified to two years, and that there is no need to remand to the trial court for resentencing. The People, however, argue that "[m]erely striking any portion of the probationary term that exceeds two years deprives the trial court and the parties of a necessary determination of the status of the probation at the time it was terminated."

In essence, the People contend that in negotiated plea cases where ameliorative amendments apply, whereby the agreed-upon term becomes unenforceable, the matter should be remanded to allow them to withdraw from the plea or the trial court to rescind its approval of the agreement and return the parties to the status quo. (See *People v. Stamps* (2020) 9 Cal.5th 685, 706-708 (*Stamps*).) The People assert that since defendant here pled no contest in this case, we should reduce his three-year probation period and remand the matter to allow them the opportunity to withdraw from the plea or the trial court to rescind its approval and restore the parties to the status quo. Because the term of probation was negotiated as part of a plea agreement, we remand the matter for the trial court to modify the term of probation consistent with Assem. Bill 1950 and to permit the

7

People and the trial court the opportunity to withdraw approval of the plea agreement in light of the required modification to the term of probation.

In *Stamps*, the California Supreme Court concluded that a defendant was entitled to the benefit of an ameliorative change in the law—specifically, pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Sen. No. 1393), he was entitled to have the matter remanded for the trial court to exercise its discretion to strike a serious felony conviction enhancement in the interest of justice. (*Stamps*, *supra*, 9 Cal.5th at p. 699.) However, because the serious felony conviction enhancement was imposed as part of a negotiated stipulated sentence, if the trial court exercised its discretion to strike the enhancement, the People and the trial court were permitted to withdraw approval for the plea agreement. (*Id.* at pp. 707-708.) The defendant was not permitted " ' "to whittle down the sentence 'but otherwise leave the plea bargain intact.' " ' " (*Id.* at p. 706.)

In *People v. Hernandez* (2020) 55 Cal.App.5th 942 (review granted Jan. 27, 2021, S265739), the Fifth District Court of Appeal reached the same conclusion as in *Stamps*. There, the court directed the trial court to strike prior prison term enhancements pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess) (Sen. No. 136). Moreover, the court concluded that the People and trial court must be permitted to withdraw approval for the negotiated plea. (*Hernandez* at pp. 958-959.) The court explained that the distinction between the discretionary nature of Sen. No. 1393 (*permitting* trial courts to strike serious felony enhancements) and the mandatory nature of Sen. No. 136 (*prohibiting* imposition of prior prison term enhancements for convictions not served for sexually violent offenses) was not dispositive to the issue of whether the People or a trial court must be

8

permitted to withdraw from a plea agreement. (*Hernandez* at p. 957.) Instead, the court explained that we should review "the history of the amendment[] to determine whether there was any intent . . . 'to change well-settled law that a court lacks discretion to modify a plea agreement unless the parties agree to the modification' to determine whether the district attorney can withdraw from the plea agreement." (*Hernandez*, at p. 957; accord, *Stamps*, *supra*, 9 Cal.5th at p. 702 ["In order to justify a remand for the court to consider striking his serious felony enhancement while maintaining the remainder of his bargain, defendant must establish not only that Senate Bill 1393 applies retroactively, but that, in enacting that provision, the Legislature intended to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it under section 1385"].) The court concluded that "there is no evidence the Legislature intended Senate Bill 136 to permit the trial court to unilaterally modify a plea agreement once the prior prison term enhancements are stricken." (*Hernandez*, at p. 958.)

Like Senate Bill Nos. 1393 and 136, there is no evidence that the Legislature intended Assem. Bill 1950 to permit unilateral modification of plea agreements by shortening negotiated terms of probation. We therefore vacate the sentence and remand the matter to the trial court to impose a term of probation that conforms with Assem. Bill 1950 and to permit the People and the trial court an opportunity to accede to the shorter term of probation or withdraw from the plea agreement.

## DISPOSITION

The sentence is vacated.  The matter is remanded to the trial court to modify the term of probation to conform with Assem. Bill 1950, and permit the People and trial court an opportunity to withdraw from the plea agreement.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER  
Acting P. J.


We concur:


FIELDS  
J.


RAPHAEL  
J.

10